# IN THE COURT OF APPEALS OF IOWA

No. 16-1381
Filed August 2, 2017

**CARL OLSEN,**
        Plaintiff-Appellant,

**vs.**

**IOWA BOARD OF PHARMACY,**
        Defendant-Appellee.

_____

        Appeal from the Iowa District Court for Polk County, Bradley McCall, Judge.

        Carl Olsen appeals from the district court's order on judicial review affirming the Iowa Board of Pharmacy's ruling denying his request to recommend the legislature reclassify marijuana from a Schedule I controlled substance to another scheduled substance. **AFFIRMED.**

        Carl Olsen, Des Moines, pro se appellant.

        Thomas J. Miller, Attorney General, and Meghan L. Gavin (until withdrawal), and Laura A. Steffensmeier, Assistant Attorneys General, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

In 2014, Carl Olsen filed one of several petitions with the Iowa Board of Pharmacy, seeking a recommendation to have the legislature reclassify marijuana from a Schedule I controlled substance to another scheduled substance. *See* Iowa Code §§ 124.204 (2014) (Schedule I substances), .206 (Schedule II substances), .208 (Schedule III substances), .210 (Schedule IV substances), .212 (Schedule V substances); *State v. Bonjour*, 694 N.W.2d 511, 512 (Iowa 2005) (stating Iowa Code chapter 124 "restricts the use of controlled substances and divides them into five schedules"). The Board denied the petition. Olsen sought reconsideration, which the Board also denied.

Olsen petitioned for judicial review. The district court denied the petition, and this appeal followed.

Chapter 124 gives the Board authority to "administer the regulatory provisions of this chapter." Iowa Code § 124.201(1). "Annually, . . . the board shall recommend to the general assembly any deletions from, or revisions in the schedules of substances, enumerated in section 124.204, . . . *which it deems necessary or advisable*." *Id.* (emphasis added). This provision vests the Board with discretion to interpret the schedules. Accordingly, we will reverse the Board's legal interpretation only if it is "irrational, illogical, or wholly unjustifiable." *Id.* § 17A.19(10)(*l*); *Olsen v. Iowa Bd. of Pharmacy*, No. 14-2164, 2016 WL 2745845, at *2 (Iowa Ct. App. May 11, 2016).

The criteria for listing substances in Schedule I are as follows:

> 1. The board shall recommend to the general assembly that the general assembly place a substance in schedule I if the

substance is not already included therein and the board finds that the substance:

a. Has high potential for abuse; and

b. *Has no accepted medical use in treatment in the United States; or lacks accepted safety for use in treatment under medical supervision.*

2. If the board finds that any substance included in schedule I does not meet these criteria, the board shall recommend that the general assembly place the substance in a different schedule or remove the substance from the list of controlled substances, as appropriate.

Iowa Code § 124.203 (emphasis added). The criteria for listing substances in Schedule II are as follows:

1. The board shall recommend to the general assembly that the general assembly place a substance in schedule II if the substance is not already included therein and the board finds that:

a. The substance has high potential for abuse;

b. *The substance has currently accepted medical use in treatment in the United States, or currently accepted medical use with severe restrictions*; and

c. Abuse of the substance may lead to severe psychic or physical dependence.

2. If the board finds that any substance included in schedule II does not meet these criteria, the board shall recommend that the general assembly place the substance in a different schedule or remove the substance from the list of controlled substances, as appropriate.

*Id.* § 124.205 (emphasis added).

Olsen hones in on "accepted medical use." In his view, because marijuana has accepted medical uses in treatment in the United States, it should not be listed in Schedule I and the Board should have recommended its removal from that Schedule. His argument, while appealing at first blush, overlooks a significant portion of the Board's decision.

The Board began by noting marijuana was listed in Schedule I *and* Schedule II. *See id.* §§ 124.204(4)(m) ("Marijuana, except as otherwise provided

by rules of the board for medicinal purposes."), 124.206(7)(a) ("Marijuana when used for medicinal purposes pursuant to rules of the board."). The Board acknowledged, "The dual scheduling [of marijuana under state law] has understandably led to confusion as to the Board's authority to promulgate rules authorizing the legal use of medical marijuana." But the Board found this dual scheduling necessary in light of the legislature's "passage of the Medical Cannabidiol Act," which was "an affirmative recognition by the Iowa General Assembly that there is some medical use for marijuana, as it is defined by Iowa Code section 124.101(19)." The Board explained that because "[m]any substances can be derived from marijuana" and "some may have a medical use, while others may not," "it would be more accurate to schedule each derivate after an individualized analysis" and simultaneously amend the definition of marijuana to exclude "the derivative [with medical use] from the definition of marijuana, in order to avoid conflict." Meanwhile, the Board stated "Schedule 1 [was] inappropriate for cannabidiol" but declined to "make the broader recommendation" to remove the entire category of marijuana from Schedule I.

The district court characterized the Board's suggested approach as "insightful." We concur in this assessment. We also agree with the district court that the Board's interpretation of law was not irrational, illogical, or wholly unjustified. Accordingly, we affirm the Board's denial of Olsen's petition for agency action.

**AFFIRMED.**